UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUSAN LEV,

                    Plaintiff,                    **ORDER**
                                                CV 10-5435 (JS)(ARL)

          -against-

SOUTH NASSAU COMMUNITIES HOSPITAL,
et al.,
                    Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's motion to quash the subpoenas served on four (4) non-party former employers of plaintiff. The subpoenas seek (1) resume(s) or job applications submitted by Susan M. Lev; (2) documents regarding work place discipline imposed on Susan M. Lev for work related conduct; and (3) documents related to internal or external complaints of sex or national origin discrimination lodged by Susan M. Lev. The plaintiff contends that the subpoenas seek disclosure of confidential information that is not relevant to the instant action. The defendants argue that the information being sought is relevant to plaintiff's employment discrimination claims (1) to assist defendants in evaluating an after-acquired evidence defense; and (2) to show plaintiff's credibility, state of mind, motive and modus operandi.

      "A party ordinarily lacks standing to challenge a non-party subpoena with a motion . . . to quash unless the party is seeking to protect a personal privilege or right. S*ee Malmberg v. United States,* 2010 U.S. Dist. LEXIS 28784 *3 (N.D.N.Y. Mar. 24, 2010). Here, the plaintiff has a privacy interest with respect to information contained in her employment records, and thus, can challenge the subpoenas.[1] *Cf. Warnke v. CVS Corp.,* 265 F.R.D. 64, 66 (E.D.N.Y. 2010); *Chamberlin v. Farmington Savings Bank,* No. 3:06 CV 01437 (CFD), 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007); *Gambale v. Deutsche Bank, Ag,* No. 02 Civ. 4791 HBDFE, 2003 WL 115221, at *1 (S.D.N.Y. Jan. 10, 2003). Accordingly, the court will turn to the issue of whether the information being sought is relevant to the claims and defenses in this employment discrimination action, and if relevant, weigh defendants' right to obtain that discovery against the burden imposed on plaintiff. *See Warnke,* 265 F.R.D. at 67-68.

      First, defendants' claim that they are entitled to plaintiff's prior employment records because the records may contain information relevant to an after-acquired evidence defense is

---

[1]To the extent defendants rely on the waiver of plaintiff's privacy interest based on her authorization in her employment application with defendant Hospital to release prior employment information, in the absence of case law suggesting that such a waiver survives the termination of her employment with defendant Hospital, this does not provide a basis for disclosure.

unavailing.  In *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995), the Supreme Court provided that an employee's relief can be limited by evidence of wrong-doing discovered after termination that would have provided a legitimate basis for such termination.  *Id*. at 362. That said, the Court noted the potential for abuse by employers seeking to limit their liability through this defense in the discovery process, but stated nonetheless that "[t]he concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under the Act is not an insubstantial one, but we think the authority of the courts . . . to invoke the appropriate provisions of the Federal Rules of Civil Procedure will deter most abuses."  *Id.* at 363.  Here, defendants have not provided the court with any evidence of prior wrongdoing during plaintiff's tenure at the Hospital nor have they suggested that plaintiff misrepresented information to defendants which might have provided legitimate grounds for her termination.  To the contrary, defendants seek discovery of the prior employment records in order to search for information from which to ascertain whether or not to assert the defense.  Such speculation without more fails to substantiate such a broad search of plaintiff's records on this ground.  *See Chamberlin*, 2007 WL 2786421, at *3 (holding "defendant cannot use after-acquired evidence defense to conduct extensive discovery into the plaintiff's prior employment records on the basis of pure speculation.  Under such circumstances, production of plaintiff's records would constitute an unwarranted intrusion").

Moreover, defendants claim that the information contained in plaintiff's prior employment records is relevant to plaintiff's credibility likewise fails.  As stated above, defendants have not alleged nor provided any evidence that plaintiff has misrepresented information during the course of this action with respect to her previous employment to warrant production of these records.  Further, defendants request for the production of plaintiff's prior employment records to show plaintiff's state of mind, motive and/or modus operandi is not reasonably calculated to lead to the discovery of admissible evidence.  Evidence of plaintiff's propensity to act in a certain manner is inadmissible under Fed. R. Civ. P. 404(a), which provides in relevant part, "[e]vidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith."  Finally, the court notes that this action is at its inception; no discovery has been exchanged nor have any depositions been conducted.  Given that the discovery information set forth in the subpoenas is overbroad, would subject the plaintiff to unwarranted intrusion and is not reasonable calculated to lead to the discovery of admissible evidence, plaintiff's motion to quash the subpoenas is granted.

Dated: Central Islip, New York          **SO ORDERED:**
       August 18, 2011

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge